831 F.2d 291
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Anthony Allen MULLAHY, Petitioner-Appellant,
v.
E. MURRAY, Director, J.P. Mitchell, Former Warden, R.F.
Wilson, Manager, Records Unit, Respondents-Appellees.
 No. 86-7394.
 United States Court of Appeals, Fourth Circuit.
 Submitted: May 29, 1987.
Decided: Oct. 2, 1987.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. David G. Lowe, United States Magistrate. (C/A No. 86-261-R).
 Anthony Allen Mullahy, appellant pro se.
 Robert Harkness Herring, Jr., Office of Attorney General, for appellees.
 E.D.Va.
 AFFIRMED.
 Before JAMES DICKSON PHILLIPS, CHAPMAN, and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Virginia inmate, Anthony Mullahy, filed suit in the district court claiming that he had been denied credit for good time earned in jail and extraordinary good time earned in the Department of Corrections. The magistrate, exercising jurisdiction upon consent of the parties, found that Mullahy was not entitled to have his good time credited against his life sentence, and that he had received credit for all extraordinary good time he had earned. Finding no error in the magistrate's decision, we affirm based on his reasoning. Mullahy v. Murray, C/A No. 86-261-R (E.D.Va., Nov. 28, 1986).
 
 
 2
 We note with respect to Mullahny's extraordinary good time claim that Department records reflect that Mullahy earned and was credited with 135 days of extraordinary good time between January 1979 and July 1981.* Mullahy's claim that he has not received full credit is apparently based on an earlier summary of his accrued time which credits him with having earned 135 days between September 1974 and December 1976, but nothing between January 1979 and July 1981. This earlier summary is clearly in error as to the period over which Mullahy accrued this credit given that Mullahy was not convicted until July 1976 and did not enter the Department until December 1976. Moreover, Mullahy does not claim to have earned any extraordinary good time while in jail awaiting entry into the Department.
 
 
 3
 Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument and affirm the judgment of the magistrate.
 
 
 4
 AFFIRMED.
 
 
 
 *
 Mullahy had accrued a total of 215 days of extraordinary good time through December 31, 1985